IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARRY MORRIS, #N42509,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-01470-SMY |
| | ) |
| **JOHN BORWICK,** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **P. MYERS,** | ) |
| **ANGELA LONGFORD,** | ) |
| **CHRISTINE BROWN, and** | ) |
| **JOHN/JANE DOES,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Barry Morris filed this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (Rehab Act). The case was opened upon receipt of Plaintiff's motion for temporary restraining order filed June 10, 2024. (Doc. 1). He seeks an order requiring officials at Pinckneyville Correctional Center to stop violating his rights under the Eighth Amendment, ADA, and Rehab Act, and compensatory and punitive damages. *Id*.

The Court construes the motion as a Complaint that is subject to preliminary review under 28 U.S.C. § 1915A. Section 1915A requires dismissal of any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A.

1

**The Complaint**

Plaintiff makes the following allegations (Doc. 1, pp. 1-144): Plaintiff is an inmate in the custody of the Illinois Department of Corrections (IDOC) and is currently incarcerated at Pinckneyville. *Id*. at ¶ 5. He suffers from chronic back and left leg pain resulting from spinal disc herniation and lumbar spinal stenosis. *Id*. at ¶¶ 1, 11. He is also diagnosed with an enlarged prostate and carpel tunnel syndrome in his right wrist. *Id*. While housed at Western Illinois Correctional Center, Plaintiff was sent to an orthopedic surgeon for treatment of his ongoing back problems and also prescribed pain medication, single-man cell status, a double mattress, a wheelchair, ADA showers, and ADA van access.[1] *Id*.

After transferring to Pinckneyville on February 15, 2024, Plaintiff was taken off his pain medications, *i.e.*, Tramadol and Gabapentin. *Id*. at ¶¶ 12, 22-25. Dr. Myers explained that the CDC recommended against use of Tramadol for more than four days. *Id*. at ¶ 29. When Plaintiff explained that all of his past medical providers disagreed with this recommendation, Dr. Myers became angry and cancelled Plaintiff's permit for access to an ADA van/vehicle and wheelchair. Plaintiff was issued a walker and instructed to use a regular vehicle for off-site transportation. *Id*. at ¶¶ 30-34. He was also denied a double mattress and ADA showers. *Id*.

Plaintiff filed an emergency grievance seeking reinstatement of his permit for an ADA van/vehicle with a wheelchair on March 7, 2024 and April 29, 2024. *Id*. at ¶ 35. In response, Dr. Myers authorized use of a "writ car" and a walker when travelling from the facility. *Id*. at ¶¶ 44, 51-53. The defendants did not consider the fact that Plaintiff carries two crutches for support when standing, uses a bottle for frequent urination, wears a right wrist brace for carpel tunnel syndrome, and wears leg irons and handcuffs when leaving the facility. *Id*. at ¶¶ 46-49. This is

---

[1] IDOC Director John Baldwin and an orthopedic specialists approved Plaintiff's ongoing treatment with pain medication, a single-man cell, a wheelchair, and ADA van/vehicle. *Id*. at ¶¶ 24-27.

why an ADA van and wheelchair were previously approved. *Id*. at ¶¶ 26, 49. At some point, the defendants authorized use of a wheelchair, instead of a walker, when leaving the facility in a writ car. *Id*. at ¶¶ 51-53.

Plaintiff filed an emergency grievance requesting use of a double mattress on March 20, 2024. *Id*. at ¶ 38. Dr. Myers met with Plaintiff to discuss his request. *Id*. at ¶¶ 39-40. The doctor would not consider any information Plaintiff provided before responding to the emergency grievance. *Id*.

Plaintiff filed a third emergency grievance seeking reinstatement of his pain medications on April 3, 2024. *Id*. at ¶ 41. As the medication wore off, Plaintiff's back and leg pain returned. *Id*. at ¶ 58.[2]

Plaintiff filed three additional emergency grievances seeking access to a wheelchair for long distances and ADA showers on May 20, 2024, May 30, 2024, and June 4, 2024. *Id*. at ¶¶ 63-65. For several weeks, he asked that his name be added to the ADA shower list. His requests were ignored. *Id*.

Plaintiff now brings claims against the defendants, in their individual capacities, for violating his rights under the Eighth Amendment, ADA, and Rehab Act. *Id*. at ¶¶ 6-10. He names Dr. Myers, HCU Administrator Brown, ADA Longford, and Warden Borwick in connection with these claims. ¶¶ 1-82. He also names Wexford Health Sources, Inc., for its alleged policy, custom, or practice of denying inmates with disabilities reasonable medical care and accommodations at Pinckneyville. *Id*. at ¶ 83-87.

---

[2] Plaintiff does not state whether his prescriptions for Tramadol and/or Gabapentin were renewed, but he now requests Tramadol.

Plaintiff seeks the following interim relief: (1) an ADA van/vehicle with a wheelchair; (2) a wheelchair for long distance travel inside the prison; (3) Tramadol; (4) single-man cell status; (5) ADA shower access; (6) double mattress permit; and (7) assignment of a new primary care provider (P.A. Ashenti Desor). *Id*. at 16. He also requests back surgery and monetary relief. *Id*.

## Discussion

Plaintiff filed a motion for temporary restraining order without a separate Complaint. As a *pro se* litigant, the plaintiff is not required to follow the same standards as a licensed attorney, but he is also not entitled to general dispensation from the rules of procedure. *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

A civil action is commenced by filing a Complaint with the court. *See* FED. R. CIV. P. 3, Advisory Committee Notes, 1937 Adoption. This is the first step in an action. Without a Complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Also, the Court cannot entertain an application for injunctive relief without a viable Complaint that identifies the persons responsible for the deprivations of a plaintiff's rights. Thus, as a threshold matter, the Court must consider whether the motion is sufficient to serve as a Complaint requiring a review under 28 U.S.C. § 1915A; it does.

Plaintiff invokes this court's jurisdiction under 28 U.S.C. § 1331 based on federal questions he presents under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94e. He identifies the defendants in the case caption, sets forth allegations against them, and includes requests for relief.

4

*See* FED. R. CIV. P. 8.  The motion contains all components of a complaint and will be treated as the operative complaint going forward.[3]

Based on the allegations, the Court designates the following claims:

**Count 1:**   Eighth Amendment claim against Defendants Myers, Brown, Longford, and Borwick for cancelling Plaintiff's longstanding pain medication, ADA van with wheelchair, wheelchair, ADA showers, double mattress, and single-man cell status at Pinckneyville.

**Count 2:**   Eighth Amendment claim against Wexford for its policy, custom, or practice of denying inmates with disabilities medical care and reasonable accommodations at Pinckneyville.

**Count 3:**   ADA and/or Rehab Act claims against all individual Defendants for failing to accommodate Plaintiff's disabilities by denying him an ADA van with wheelchair, wheelchair, ADA showers, double mattress, and single-man cell status at Pinckneyville.

**Any other claim that is mentioned in the motion but identified above is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Preliminary Dismissals

Plaintiff names John/Jane Does as defendants in the case caption but includes no allegations against them.  A plaintiff is required to associate specific defendants with specific claims, in order to put each one on notice of the claims against him or her.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Without notice, a defendant cannot adequately answer the Complaint.  FED. R. CIV. P. 8(a)(2).  Vaguely referring to a group of defendants in the case caption, without explaining what each person did to violate the plaintiff's rights fails to state a claim against them.  Therefore, Defendants John/Jane Doe will be dismissed without prejudice.

---

[3] The Clerk of Court is **DIRECTED** to **RE-LABEL** the "Motion" (Doc. 1) as a "Complaint."  Doc. 1 will be treated as the operative complaint in this case.

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

Under the Eighth Amendment, prisoners are guaranteed living conditions that provide the "minimal civilized measure of life's necessities," including food, shelter, clothing, and medical care. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Rhoades v. Chapman*, 452 U.S. 337, 347 (1981)). The intentional or knowing denial of these basic necessities supports an Eighth Amendment claim. *Jaros*, 684 F.3d at 670.

Plaintiff alleges that Dr. Myers cancelled Plaintiff's prescription pain medication and his permits for an ADA van with wheelchair, ADA showers, a wheelchair, a double mattress, and single-man cell status. He also alleges that he suffered increased symptoms of chronic back, leg, and/or wrist pain and an increased risk of serious injury as a result. Because the allegations suggest that Dr. Myers acted with deliberate indifference when making the decision, Count 1 will proceed against him.

This claim will be dismissed against all other defendants. Section 1983 liability requires direct involvement in a constitutional violation. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (describing § 1983 liability as direct rather than vicarious). High-ranking officials cannot be held liable based on an assumption that they should have known of a condition. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Rather, supervisors are only responsible for their own acts, not for failing to ensure that subordinates carried out their tasks correctly. *Horshaw*, 910 F.3d at 1029. According to the allegations, HCU Administrator Brown, ADA Longford, and Warden Borwick were not directly involved in the decision to cancel Plaintiff's medication or permits. They are named only because of their supervisory roles. Therefore, Count 1 will be dismissed without prejudice against Defendants Brown, Longford, and Borwick.

### Count 2

An Eighth Amendment claim against a private medical corporation requires a plaintiff to demonstrate that a policy, custom, or practice attributable to the corporation caused a deprivation of the plaintiff's constitutional rights. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 786 (7th Cir. 2014) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). In conclusory fashion, Plaintiff alleges that Wexford had a policy, custom, or practice of denying inmates with disabilities adequate medical care and/or accommodations. Because he includes no facts in support of this bald assertion, he fails to state a viable claim against this defendant. Count 2 will therefore be dismissed without prejudice.

### Count 3

A plaintiff bringing a claim under the ADA, 42 U.S.C. § 12101 *et seq*., or Rehab Act, 29 U.S.C. §§ 794–94e, must allege that (1) he is a qualified person with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by the entity; and (3) the denial or discrimination was because of his disability. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Here, Plaintiff alleges that his chronic back and leg pain qualified him as a person with a disability and necessitated use of an ADA van with wheelchair, a wheelchair, ADA showers, and a single-person cell.[5] (Doc. 1).

This claim can only proceed against the proper defendant, which is the relevant state department, agency, or its director in an official capacity. *Jaros*, 684 F.3d at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131). Since Plaintiff does not name any defendants in an official capacity,

---

[5] Plaintiff cannot pursue relief under the ADA or Rehab Act for the denial of a double mattress. *See Jaros*, 684 F.3d at 672 (showers and meals considered a "program or activity"); *Boston v. Dart*, 2016 WL 5373083, at *3 (N.D. Ill. 2016) (noting "the ADA was not designed to address thin mattresses and uncomfortable steel prison beds")).

The Court will add IDOC and Warden Borwick, in an official capacity, in connection with the claim. Count 3 will be dismissed with prejudice against all individual defendants.

**Motion for TRO (Doc. 1)**

Plaintiff seeks a temporary restraining order that requires prison officials to reinstate permits for the following: (1) an ADA van/vehicle with a wheelchair; (2) a wheelchair for long distance travel inside the prison; (3) Tramadol; (4) single-man cell status; (5) ADA shower access; (6) double mattress permit; and (7) assignment of a new primary care provider (P.A. Ashenti Desor). (Doc. 1, p. 16). He also requests back surgery. *Id*.

The Court may issue a TRO without notice to the party to be enjoined. *See* FED. R. CIV. P. 65(b)(2). To qualify, a plaintiff must set forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* FED. R. CIV. P. 65(b)(1)(A). A TRO may last no more than 14 days. *See* FED. R. CIV. P. 65(b)(2).

Plaintiff seeks far more sweeping relief than is allowed at this stage – he requests back surgery, pain medication, and permits that are permanent in nature. However, he neither alleges nor suggests that he will suffer permanent and irreparable injury without the requested injunctive relief. Accordingly, Plaintiff's motion (Doc. 1) is **DENIED without prejudice**.[6]

**Motion to Appoint Counsel (Doc. 3)**

Plaintiff seeks court-recruited counsel. When considering a request for counsel, the Court determines whether an indigent plaintiff has made sufficient efforts to secure counsel on his own and, if so, whether the difficulty of the case, factually and legally, exceeds his capacity as a

---

[6] If Plaintiff wishes to seek interim relief in the form of a TRO or preliminary injunction, he may file a separate Rule 65 motion describing the exact relief he requests and setting forth the facts that support his request for relief.

layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff describes insufficient efforts to find an attorney. He mailed letters to three (3) attorneys or law firms before filing suit, but he did not wait for a response. The letters were mailed in late May and early June 2024. He filed suit June 10, 2024. Beyond this, Plaintiff has shown that he can represent himself, at least for now. His motions and pleadings are organized, coherent, and timely. At this stage of litigation, there is little for him to do to move this case forward. If he believes court-recruited counsel is necessary at a later, more complex stage, Plaintiff may file a new motion. The Motion to Appoint Counsel (Doc. 3) is **DENIED without prejudice**.

## Disposition

The Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **DR. P. MYERS**, and **COUNT 3** will proceed against **ILLINOIS DEPARTMENT OF CORRECTIONS** and **JOHN BORWICK (official capacity)**.

**COUNT 1** is **DISMISSED** without prejudice against Defendants **CHRISTINE BROWN, ANGELA LONGFORD,** and **JOHN BORWICK**; **COUNT 2** is **DISMISSED** without prejudice against Defendant **WEXFORD HEALTH SOURCE, INC.**; and **COUNT 3** is **DISMISSED** with prejudice against **ALL INDIVIDUAL DEFENDANTS**, all for failure to state a claim for relief.

The Clerk of Court shall prepare for Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS, JOHN BORWICK (official capacity), and DR. P. MYERS (individual capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service

9

of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing no later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to RE-LABEL the Motion for Temporary Restraining Order (Doc. 1) as a Complaint in CM/ECF; ADD the ILLINOIS DEPARTMENT OF CORRECTIONS and JOHN BORWICK (official capacity) as Defendants in CM/ECF; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED**.

**DATED: 6/20/2024**                             **s/ *Staci M. Yandle*   **
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**


**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.